IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROMANTIC TOURS, INC.
a Florida corporation,

        Plaintiff,

v.                              CASE NO.: 8:10-cv-02321-SDM-TBM

ANASTASIA INTERNATIONAL, INC.
a Kentucky corporation,

        Defendant.
_____/

ANASTASIA INTERNATIONAL, INC.
a Kentucky corporation,

        Counterclaimant,

v.

ROMANTIC TOURS, INC.
a Florida corporation,

        Counterclaim-Defendant.
_____/

## ANSWER AND COUNTERCLAIMS

       Defendant Anastasia International, Inc. ("Anastasia"), answers the Complaint of Plaintiff

Romantic Tours, Inc. ("RTI"), as follows.

## THE PARTIES

### Plaintiff

       1.     Anastasia is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 1 of the Complaint and therefore denies them.

       2.     Anastasia is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 2 of the Complaint and therefore denies them.

<u>Defendant</u>

3.      Anastasia admits that it is incorporated under the laws of the State of Kentucky, and has a place of business at 40 High Street, Suite 1, Bangor Maine 04401, but denies the remaining allegations of paragraph 3 of the Complaint.

4.      Anastasia admits that it is engaged in providing services to persons interested in establishing personal relationships through websites, but Anastasia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint and therefore denies them**.**

5.      Anastasia admits that the Administrative Panel Decision in the UDRP action, *Anastasia International, Inc. v. Whois Privacy Protection Service, Inc. / Jim McDonald*, Case No. D2010-0235, dated April 20, 2010, against three disputed domain names, contains the statement that Anastasia International, Inc. "owns and conducts business through several domain names, <russianbrides.com>, <anastasiadate.com>, and <anastasia-international.com>" based on statements by Anastasia, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint and therefore denies them.

6.      Anastasia admits that the Administrative Panel Decision in the UDRP action, *Anastasia International, Inc. v. Kadiev*, Case No. D2010-0236, dated April 19, 2010, against the domain name anastasiadate.info, contains the statement that Anastasia International, Inc. "markets its online service . . . through interactive websites such as 'www.anastasiadate.com' and 'www.anastasiainternational.com'" based on statements by Anastasia, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 of the Complaint and therefore denies them.

7.      Anastasia admits that its address at 40 High Street, Suite 1, Bangor Maine 04401, and its phone number at 207-262-9595, have appeared at http://www.anastasiadate.com, but denies the remaining allegations of paragraph 7 of the Complaint.

8.      Anastasia admits that one of the payment options available to customers at the www.anastasiadate.com website included payments by mail to Anastasia International, Inc. at 40 High Street, Suite 1, Bangor, Maine 04401, but denies the remaining allegations of paragraph 8 of the Complaint.

9.      Anastasia admits that the statement "Copyright Anastasia International Inc. 2001-2010. All rights reserved," has appeared on a page of the www.anastasiadate.com website, but denies the remaining allegations of paragraph 9 of the Complaint.

10.      Anastasia admits that Elena Sykes was formerly known as Elena Besuden, and that Elena Sykes is a founder, an owner, and was President of Anastasia International, Inc., but denies the remaining allegations of paragraph 10 of the Complaint.

11.      Anastasia admits that the statement, "Anastasia" is "[a] global company with offices in Russia and America," and proud "to have the largest full-time staff in the industry. With more than 240 full-time professionals hard at work in our U. S. and Moscow offices," has appeared on a page of the www.anastasiadate.com website, but denies the remaining allegations of paragraph 11 of the Complaint.

12.      Anastasia admits that the www.anastasiadate.com website contains a page which identifies an office located at 14/10 Tartarskaya Ulitsa, Moscow, Russia, but denies the allegations of paragraph 12 of the Complaint.

13.      Anastasia denies the allegations of paragraph 13 of the Complaint.

14.     Anastasia admits that a statement claiming "a membership of over 1,000,000, with more than 80 million online visitors annually and 1.5 million+ letters exchanged onsite daily," has appeared on a page of the www.anastasiadate.com website, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint and therefore denies them.

## JURISDICTION AND VENUE

15.     Anastasia admits that RTI purports to bring suit for alleged violations of the Lanham Act, Florida tortious interference, and violations of the Florida Deceptive and Unfair Trade Practices Act for damages in excess of $75,000.00, but denies that the claims alleged in the Complaint state a valid claim against Anastasia, and otherwise denies any remaining allegations contained in paragraph 15 of the Complaint.

16.     Anastasia admits that this court can have jurisdiction over claims properly arising under the cited statutes, but denies that the claims alleged in the Complaint state a valid claim against Anastasia within the Court's jurisdiction, and denies any remaining allegations contained in paragraph 16 of the Complaint.

17.     Anastasia denies the allegations contained in paragraph 17 of the Complaint, and denies that this judicial district is the most convenient forum.

## GENERAL ALLEGATIONS

18.     Anastasia admits that there are independent agencies located in countries such as Russia and the Ukraine (the "Agencies") that represent women interested in relationships with men, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint and therefore denies them**.**

19.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and therefore denies them.

20.     Anastasia denies having entered into any written contracts or other relationships with Agencies, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint and therefore denies them.

21.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore denies them.

22.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore denies them.

23.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and therefore denies them.

24.     Anastasia denies any knowledge of RTI's alleged contractual relationships with Agencies, and Anastasia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the Complaint and therefore denies them.

25.     Anastasia admits that it has connections with companies in the United States and Russia that have the ability to network with agencies and companies in the former Soviet Union and other parts of the world, but denies the remaining allegations contained in paragraph 25 of the Complaint.

26.     Anastasia denies having any relationships with Agencies, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 of the Complaint and therefore denies them.

27.     Anastasia denies having any written agreements or business relationships with any Agencies, and denies each and every one of the remaining allegations contained in paragraph 27 of the Complaint.

28.     Anastasia denies the allegations of paragraph 28 of the Complaint.

29.     Anastasia denies the allegations of paragraph 29 of the Complaint to the extent they relate to Anastasia, and is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint to the extent they related to others and therefore denies them.

30.     Anastasia denies that any Agencies contacted Anastasia to complain, and denies the remaining allegations of paragraph 30 of the Complaint.

31.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and therefore denies them.

32.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and therefore denies them.

33.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and therefore denies them.

34.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and therefore denies them**.**

35.     Anastasia denies that Kazennova Lyubov Nikolaevna is affiliated directly with Elena Sykes and/or Anastasia International, Inc. and/or works on the behalf of or answers directly to Elena Sykes or Anastasia, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 of the Complaint and therefore denies them**.**

36.     Anastasia denies the allegations of paragraph 36 of the Complaint.

37.     Anastasia admits that a law firm purporting to be counsel for RTI sent a letter to Elena Sykes at Anastasia dated April 16, 2010, containing a demand that Anastasia cease and desist from certain alleged conduct including threats to withhold commissions, but denies the remaining allegations contained in paragraph 37 of the Complaint.

38.     Anastasia admits a letter dated April 28, 2010 from counsel for Anastasia stated that "it appears that you have made such demand on the wrong entity," stated that Anastasia has not sent any communications to or made any demands upon any agencies, and stated that Anastasia "categorically and fully denies: . . . that it owns or operates the website AnastasiaDate.com," but denies the remaining allegations of paragraph 38 of the Complaint.

39.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint and therefore denies them.

## COUNT I

### Florida Tortious Interference with Advantageous Business Relationships

40.     Paragraph 40 of the Complaint incorporates by reference paragraphs 1-39 of the Complaint.  Anastasia incorporates by reference its Answers to paragraphs 1-39 of the Complaint as its answer to paragraph 40 of the Complaint.

41.     Anastasia admits that RTI purports to bring an action against Anastasia for tortious interference with advantageous business relationships by RTI, but denies that the allegations made in the Complaint state a valid claim against Anastasia, and denies the remaining allegations of paragraph 41 of the Complaint.

42.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and therefore denies them.

43.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint and therefore denies them**.**

44.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and therefore denies them**.**

45.     Anastasia denies knowledge of RTI's alleged investments, business relationships and practices with Agencies, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 of the Complaint and therefore denies them.

46.     Anastasia denies the allegations of paragraph 46 of the Complaint.

47.     Anastasia denies interfering with RTI's alleged business relationships, and denies the remaining allegations of paragraph 47 of the Complaint.

48.     Anastasia denies the allegations of paragraph 48 of the Complaint.

49.     Anastasia denies interfering with RTI's alleged business relationships, denies that RTI has suffered any damages as a result of any intentional and unjustified conduct by Anastasia, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 of the Complaint and therefore denies them.

50.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and therefore denies them.

## <u>COUNT II</u>

### <u>Florida Deceptive and Unfair Trade Practices Act</u>

51.     Paragraph 51 of the Complaint incorporates by reference paragraphs 1-50 of the Complaint.  Anastasia incorporates by reference its Answers to paragraphs 1-50 of the Complaint as its answer to paragraph 51 of the Complaint.

52.     Anastasia admits that RTI purports to bring an action against Anastasia for damages in violation of Fla. Stat. Ann. §§ 501.201 *et seq*., but denies that RTI has a valid claim against Anastasia, and denies the remaining allegations of paragraph 52 of the Complaint.

53.     Anastasia denies the allegations of paragraph 53 of the Complaint.

54.     Anastasia denies the allegations of paragraph 54 of the Complaint.

55.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint and therefore denies them.

56.     Anastasia denies the allegations of paragraph 56 of the Complaint.

57.     Anastasia denies that Anastasia has committed any unfair and deceptive practices, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57 of the Complaint and therefore denies them.

58.     Anastasia denies that Anastasia has committed any unfair or deceptive act(s) or practice(s), and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 58 of the Complaint and therefore denies them.

59.     Anastasia denies the allegations of paragraph 59 of the Complaint.

## COUNT III

### Lanham Act – Infringement of Federal Registered Trademarks

60.     Paragraph 60 of the Complaint incorporates by reference paragraphs 1-39 of the Complaint.  Anastasia incorporates by reference its Answers to paragraphs 1-39 of the Complaint as its answer to paragraph 60 of the Complaint.

61.     Anastasia admits that RTI purports to bring an action against Anastasia for federal trademark infringement that arises under the Lanham Act of the United States for trademark infringement, namely Title 15 of the United States Code and more particularly, 15 U.S.C.

§§ 1114-18, inclusive, but denies that RTI has a valid claim against Anastasia, and denies the remaining allegations of paragraph 61 of the Complaint.

62.     Anastasia admits that RTI is listed as the owner of U.S. Registration Nos. 3,159,522 (HOT RUSSIAN BRIDES) and 3,602,236 (HOTRUSSIANBRIDES.COM), both in International Class 045 for dating and marriage partner introduction services, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 62 of the Complaint and therefore denies them.

63.     Anastasia admits that U.S. Registration Nos. 3,159,522 (HOT RUSSIAN BRIDES) and 3,602,236 (HOTRUSSIANBRIDES.COM) both claim first use dates in 2004, and are on the Principal Register, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 63 of the Complaint and therefore denies them.

64.     Anastasia admits that Exhibit "A" attached to RTI's complaint purports to be true and correct copies of U.S. Registration Nos. 3,159,522 and 3,602,236, but denies the remaining allegations of paragraph 64 of the Complaint.

65.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint and therefore denies them.

66.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint and therefore denies them.

67.     Anastasia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint and therefore denies them.

68.     Anastasia denies the allegations of paragraph 68 of the Complaint.

69.     Anastasia admits that it is engaged in providing services to persons interested in establishing personal relationships through the website at the domain russianbrides.com, but denies the remaining allegations of paragraph 69 of the Complaint.

70.     Anastasia denies the allegations of paragraph 70 of the Complaint.

71.     Anastasia denies the allegations of paragraph 71 of the Complaint**.**

72.     Anastasia denies the allegations of paragraph 72 of the Complaint**.**

73.     Anastasia denies that Anastasia has infringed any trademarks of RTI, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73 of the Complaint and therefore denies them**.**

74.     Anastasia denies that Anastasia has infringed any trademarks of RTI, and denies the remaining allegations of paragraph 74 of the Complaint.

75.     Anastasia denies that Anastasia has infringed any trademarks of RTI, and denies the remaining allegations of paragraph 75 of the Complaint.

76.     Anastasia denies that Anastasia has infringed any trademarks of RTI, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 76 of the Complaint, and therefore denies them.

## COUNT IV

## False Designation of Origin Under § 43(a) of the Lanham Act

77.     Paragraph 77 of the Complaint incorporates by reference paragraphs 1-39 and 62-76 of the Complaint.  Anastasia incorporates by reference its Answers to paragraphs 1-39 and 62-76 of the Complaint as its answer to paragraph 77 of the Complaint.

78.     Anastasia admits that RTI purports to bring an action against Anastasia for false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a), but denies that RTI

has a valid claim against Anastasia, and denies the remaining allegations of paragraph 78 of the Complaint.

79.     Anastasia denies the allegations of paragraph 79 of the Complaint.

80.     Anastasia denies using RTI's Marks, denies that any of its actions constitutes false designation of origin with respect to RTI's Marks, and denies the remaining allegations of paragraph 80 of the Complaint.

81.     Anastasia denies the allegations of paragraph 81 of the Complaint.

82.     Anastasia denies having engaged in any infringing or violative conduct, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 82 of the Complaint and therefore denies them.

83.     Anastasia denies having engaged in any violations of 15 U.S.C. § 1125(a), and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 83 of the Complaint, and therefore denies them.

84.     Anastasia denies having engaged in any infringing or violative conduct, and denies the remaining allegations of paragraph 84 of the Complaint.

## AFFIRMATIVE DEFENSES

Anastasia hereby pleads and affirmatively sets forth the following defenses in response to Plaintiff's Complaint.

## FIRST DEFENSE

85.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

86.     Plaintiff's claims are barred by the doctrines of waiver, acquiescence, laches, or estoppel.

## THIRD DEFENSE

87.     Plaintiff's claims are barred by reason of unclean hands.

## FOURTH DEFENSE

88.     Anastasia has not infringed or otherwise violated any of Plaintiff's alleged trademark rights or any other asserted intellectual property right.

## FIFTH DEFENSE

89.     Plaintiff's alleged "Hot Russian Brides" mark is merely descriptive of Plaintiff's alleged services, has not acquired secondary meaning, and conflicts with Anastasia's prior use of russianbrides.com, and is therefore invalid and unenforceable.

## SIXTH DEFENSE

90.     Plaintiff has not suffered any compensable injury or damages, and has failed to mitigate any alleged injury or damage, and any damages or injury alleged is attributable to causes other than any acts or omissions of Anastasia.

## SEVENTH DEFENSE

91.     U.S. Trademark Registration No. 3,159,522 is invalid and unenforceable.  The mark is merely descriptive of the services identified therein, and conflicts with Anastasia's prior use of russianbrides.com.

## EIGHTH DEFENSE

92.     U.S. Trademark Registration No. 3,602,236 is invalid and unenforceable.  The mark is merely descriptive of the services identified therein, and conflicts with Anastasia's prior use of russianbrides.com.

**NINTH DEFENSE**

93.     On information and belief, Plaintiff lacks a protectable business relationship with any Agency sufficient to support a claim of tortious interference with advantageous business relationships under Florida law.

**TENTH DEFENSE**

94.     On information and belief, the conduct alleged to constitute tortious inference with advantageous business relationships is protected by the competition privilege.

**ELEVENTH DEFENSE**

95.     On information and belief, Plaintiff's alleged cause of action for Florida deceptive and unfair trade practices is barred because the conduct alleged is not unfair or deceptive under any law or statute.

**TWELFTH DEFENSE**

96.     On information and belief, Plaintiff lacks standing to assert deceptive and unfair trade practices or to seek any relief under Fla. Stat. Ann. §§ 501.201 *et seq*.

**THIRTEENTH DEFENSE**

97.     On information and belief, Plaintiff's alleged cause of action for deceptive and unfair trade practices is barred because the acts alleged occurred outside of the State of Florida.

**FOURTEENTH DEFENSE**

98.     On information and belief, the alleged use of Plaintiff's marks was a fair use for which RTI has no enforceable claim.

**FIFTEENTH DEFENSE**

99.     On information and belief, Plaintiff has failed to join parties required to be joined under FRCP 19.

## SIXTEENTH DEFENSE

100.     Anastasia is entitled to recover its attorney fees and costs incurred in connection with the defense of this action.

## SEVENTEENTH DEFENSE

101.     Anastasia has not engaged in any unlawful activity with respect to Plaintiff.

## EIGHTEENTH DEFENSE

102.     On information and belief, this action should be dismissed under the doctrine of forum non conveniens.

## NINETEENTH DEFENSE

103.     Anastasia reserves the right to assert additional defenses as they become known through further investigation or discovery.

## COUNTERCLAIMS

Defendant/Counterclaimant Anastasia International, Inc. ("Anastasia") hereby sets forth the following Counterclaims against Plaintiff/Counterclaim-Defendant Romantic Tours, Inc. ("RTI") and demands a trial by jury for all issues so triable.

## PARTIES

1.     Anastasia is a Kentucky corporation with a place of business at 191 Broadway, Bangor, Maine 04401.

2.     On information and belief, RTI is a Florida corporation with a place of business at 1415 Pinehurst Road, Suite K, Dunedin, Florida 34698.

## JURISDICTION AND VENUE

3.     Jurisdiction in this Court is proper pursuant to Rule 13 of the Federal Rules of Civil Procedure, and under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338,

and supplemental jurisdiction over the state and common-law claims pursuant to 28 U.S.C. § 1367.  Venue is proper under 28 U.S.C. § 1391.

4.      By initiating suit in this Court, RTI has consented to personal jurisdiction.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of No Tortious Interference, No Unfair Trade Practices, No Infringement, and No False Designation of Origin)

5.      Anastasia repeats and incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 4 above.

6.      This counterclaim is for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and arises from an actual and justiciable controversy between Anastasia and RTI regarding alleged property rights including trademark rights.

7.      RTI filed its Complaint against Anastasia for, among other things, tortious interference with business relationships, unfair trade practices, trademark infringement, and false designation of origin.

8.      Anastasia's activities do not constitute trademark infringement, false designation of origin, unfair competition, or any violation of intellectual property rights of RTI.  As part of this allegation, Anastasia repeats and realleges, and incorporates herein by reference, each of the allegations set forth in paragraphs 85-103 above in its Answer.

9.      A justiciable controversy exists between Anastasia and RTI concerning the alleged tortious interference, unfair trade practices, trademark infringement, false designation of origin, and other alleged rights of RTI.

10.      Anastasia seeks a judicial determination of its rights and liabilities by a declaration that Anastasia's activities do not constitute tortious interference, unfair trade

practices, trademark infringement, false designation of origin infringement, or any violation of RTI's rights.

## SECOND COUNTERCLAIM

### (Cancellation of U.S. Trademark Registration Nos. 3,159,522 and 3,602,236)

11.     Anastasia repeats and incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 10 above.

12.     This counterclaim is for cancellation of U.S. Trademark Registration Nos. 3,159,522 and 3,602,236.  This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1119.

13.     RTI filed its Complaint against Anastasia alleging, among other things, infringement of U.S. Trademark Registration Nos. 3,159,522 and 3,602,236.  Anastasia contends that U.S. Trademark Registration Nos. 3,159,522 and 3,602,236 are void and unenforceable. Anastasia has standing to petition for cancellation of U.S. Registration Nos. 3,159,522 and 3,602,236.

14.     U.S. Trademark Registration No. 3,159,522 is invalid under 15 U.S.C. § 1052(e) because the mark is merely descriptive of the services identified.

15.     U.S. Trademark Registration No. 3,602,236 is invalid under 15 U.S.C. § 1052(e) because the mark is merely descriptive of the services identified.

16.     Trademark Registration Nos. 3,159,522 and 3,602,236 are invalid under 15 U.S.C. § 1052(d) because Anastasia has used the term russianbrides.com sufficiently to establish trade name rights, rights analogous to a trademark, or trademark rights, many years before RTI's alleged first use of the HOT RUSSIAN BRIDES and HOTRUSSIANBRIDES.COM marks in 2004 for dating and marriage partner introduction services.

17.     Anastasia seeks a judicial determination and order pursuant to 15 U.S.C. § 1119 that U.S. Trademark Registration Nos. 3,159,522 and 3,602,236 be cancelled as being invalid and unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Anastasia prays that the Court enter judgment that:

a.     Anastasia's activities do not constitute trademark infringement, unfair competition, false designation of origin, or any violation of RTI's intellectual property rights;

b.     All claims in the Complaint be dismissed with prejudice, and judgment be entered for Anastasia as to all of the claims in the Complaint.

c.     U.S. Trademark Registration Nos. 3,159,522 and 3,602,236 be cancelled;

d.     This be declared an exceptional case, and Anastasia be awarded all of its attorney's fees, expenses and costs incurred in this action; and

e.     Anastasia be granted such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Anastasia hereby demands a jury trial for all issues so triable in this action.

Respectfully submitted February 28, 2011.

*s/Jeffrey S. Boyles*
Jeffrey S. Boyles
Florida Bar #722308
jboyles@addmg.com
Brian R. Gilchrist
Florida Bar #0774065
bgilchrist@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 South Orange Avenue, #1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

Craig B. Bailey
cbailey@fulpat.com
Scott R. Hansen
shansen@fulpat.com
James Juo
jjuo@fulpat.com
Fulwider Patton LLP
Howard Hughes Center
6060 Center Drive
Tenth Floor
Los Angeles, CA 90045

**Attorneys for Defendant/Counterclaim-Plaintiff
ANASTASIA INTERNATIONAL, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 28, 2011, the foregoing was submitted for filing to the

Clerk of the District Court by using the Case Management/Electronic Case Filing ("CM/ECF"),

which will send a Notice of Electronic Filing to the following CM/ECF participants:

Joseph J. Weissman, Esq.
josephw@jpfirm.com
Johnson, Pope, Bokor,
Ruppel & Burns, LLP
P.O. Box 1100
Tampa, FL 33601-1100

Charles A. Jones
tony.jones@troutmansanders.com
Troutman Sanders, LLP
401 Ninth St NW
Suite 1000
Washington, DC 20004-2134

**Attorneys for Plaintiff**

Craig B. Bailey
cbailey@fulpat.com
Scott R. Hansen
shansen@fulpat.com
James Juo
jjuo@fulpat.com
Fulwider Patton LLP
Howard Hughes Center
6060 Center Drive
Tenth Floor
Los Angeles, CA 90045

**Attorneys for Defendant**

*s/Jeffrey S. Boyles*
Jeffrey S. Boyles